IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-134 |
| | ) | (VARLAN/GUYTON) |
| MATT CRANFORD, | ) | |
| BRADLEY MICHAEL MARS, | ) | |
| JENNIFER FINCHUM, and | ) | |
| DAVID ROUSE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on September 29, 2008, which was the trial date, for a motion hearing on Defendant Cranford's Motion to Continue Trial [Doc. 96], filed on September 18, 2008. Assistant United States Attorney Tracee Plowell represented the government. Attorney Joseph J. Levitt, Jr., appeared on behalf of Defendant Matt Cranford, Attorney Christopher J. Oldham appeared on behalf of Defendant Bradley Michael Mars, Attorney Robert L. Vogel appeared on behalf of Defendant Jennifer Finchum, and Attorney Wade V. Davies appeared on behalf of Defendant David Rouse.

In his motion, Defendant Cranford states his intention to enter a guilty plea and asks the Court to continue the September 29, 2008 trial date in order to give him time to complete "certain programs" that are relevant to sentencing in this case. The motion states that the government

1

does not object to the requested continuance. At the hearing, the government confirmed that Defendant Cranford had a signed plea agreement and was participating in a rehabilitation program, which was relevant to his future sentence. Ms. Plowell stated that as soon as the defendant entered his change of plea, he would be taken into custody and would be deprived of the opportunity to complete his rehabilitation program if the trial date were not continued. She believed that it was in the interest of justice that the trial be continued for the defendant to complete his program. Both the government and counsel for Defendant Cranford agreed that all time between the September 29 hearing and the new trial date would be fully excludable under the speedy trial act. Counsel for Defendants Mars, Finchum, and Rouse had no comment.

The Court finds Defendant Cranford's motion to continue to be well-taken and agrees that the ends of justice served by granting a continuance outweigh the interest of the defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). If Defendant Cranford had entered a guilty plea on the September 29, 2008 trial date, he would have been deprived of the opportunity to complete his rehabilitation program, which is necessary for his personal rehabilitation as well as its impact on his future sentence. The Court finds that the failure to grant the requested continuance would result in a miscarriage of justice in this case. See 18 U.S.C. § 3161(h)(8)(B)(i). The Court also notes that Defendant Rouse presently has two motions pending in this case. These motions cannot be heard and a ruling secured thereon without continuing the September 29 trial. See 18 U.S.C. § 3161(h)(1)(F) & (J). Although counsel for Defendant Rouse has asked the Court to defer consideration of the motions while the defendant is involved in plea negotiations, if he ultimately chooses to proceed to trial and to pursue the motions, he will need time to prepare for trial in light of the Court's rulings. The Court finds that all of this could not take place before the September

29, 2008 trial date or in less than four months. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv).

Moreover, the Court notes with regard to Defendants Mars, Finchum, and Rouse, that excluded from the speedy trial calculation is a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(7). Under this provision, time excludable as to one defendant is excludable to all codefendants. United States v. Holyfield, 802 F.2d 846, 847-48 (6th Cir. 1986). Unlike some periods of delay automatically excluded by the Act, delay caused by joinder with a codefendant must be reasonable. Henderson v. United States, 476 U.S. 321, 327 (1986). In assessing the reasonableness of delay attributed to codefendants, courts should be guided by the policies supporting the enactment of section 3161(h)(7):

> The legislative history of this section demonstrates a strong Congressional preference for joint trials and an intention that delays attributable to the joinder of defendants be liberally excluded. Further, the purpose of this section is to insure that the Speedy Trial Act does not alter the present rules governing severance of co-defendants by forcing the government to prosecute the defendants separately or be subject to a speedy trial dismissal motion.

United States v. Monroe, 833 F.2d 95, 100 (6th Cir. 1987) (citations omitted). In other words, Congress expressly favored the goals of efficiency and economy resulting from multi-defendant trials despite the loss of speed that would result from a severance. See id.

3

In the present case, the four defendants are jointly indicted [Doc. 3], and no motion for severance has yet been filed. Accordingly, delay attributable to Defendant Cranford is presently excludable as to Defendants Mars, Finchum, and Rouse as long as it is reasonable. See 18 U.S.C. § 3161(h)(7); see also United States v. Snelling, 961 F.2d 93, 95 (6th Cir. 1991) (holding that excludable time attributed to codefendants before the defendant was severed from the case was also attributable to the defendant). The Court has already found that a continuance of the September 29, 2008 trial date was necessary to prevent a miscarriage of justice for Defendant Cranford. The Court finds that the four-month delay in trial attributable to Defendant Cranford is reasonable, especially given Defendant Rouse's pending motions.

Accordingly, Defendant Cranford's Motion to Continue Trial [**Doc. 96**] is **GRANTED**, and the trial of this matter is reset to **January 27, 2009**. The Court also finds that all the time between the September 29, 2008 hearing and the new trial date of January 27, 2009, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(F), (J), (h)(7), & (h)(8)(A)-(B). With regard to further scheduling, the Court set a final pretrial conference for **January 22, 2009, at 9:30 a.m.**

Accordingly, it is ordered:

(1) Defendant Cranford's Motion to Continue Trial [**Doc. 96**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **January 27, 2009, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the **September 29, 2008** hearing, and the new trial date of **January 27, 2009**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein; and

4

(4) A final pretrial conference before the undersigned is set for **January 22, 2009, at 9:30 a.m.**

**IT IS SO ORDERED.**

ENTER:


_____s/ H. Bruce Guyton_____
United States Magistrate Judge