UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:07-CR-134 |
| ) | (VARLAN/GUYTON) |
| JENNIFER FINCHUM, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by the Order [Doc. 122] of the Honorable Thomas A. Varlan, United States District Judge, for disposition of defendant Jennifer Finchum's Motion to Continue Plea Hearing and to Consolidate Plea and Sentencing Hearings. [Doc. 120] The defendant moves the Court to continue the change of plea hearing, previously scheduled for trial on January 27, 2009, to some point after May 1, 2009, and further moves the Court to consolidate the change of plea hearing and sentencing hearing, such that the defendant would be sentenced on the same date that she entered her guilty plea. The government opposes the motion. [Doc. 121]

In support of her motion, the defendant argues that she would waive her speedy trial rights, that she has complied with her conditions of release, and points out that if the defendant's motion is not granted, she would most likely face mandatory detention pending sentencing following the entry of her plea. In addressing the defendant's arguments, the Court initially notes that the defendant's speedy trial clock is currently set to expire on or around May 7, 2009. Accordingly, the defendant's trial or change of plea must commence prior to that date, absent a continuance. See generally 18 U.S.C. § 3161. Furthermore, even if the defendant were to waive her speedy trial rights

so as to receive a continuance in this matter, the defendant cannot waive the rights of the public to a speedy trial. See United States v. Carrasquillo, 667 F.2d 382, 390 (3d Cir. 1981) ("We do not think a defendant may waive the public's right to a speedy trial unless he complies with the requirements carefully set forth in section 3161(h).") Rather, the Court should only grant a continuance under the Speedy Trial Act when certain conditions are met, such as when failure to continue a matter would result in a miscarriage of justice, would deprive a party of continuity of counsel, or would prevent effective preparation for trial. 18 U.S.C. § 3161(h)(7)(B). The Court finds no such basis for a continuance under these circumstances.

While the Court appreciates the defendant's arguments that she has complied with her conditions of release pending trial, the defendant has already been rewarded for such behavior by being allowed to remain out on bond pending trial. The Court expects any individual who is placed on bond to comply with his or her conditions of release. Failure to do so can result in the revocation or modification of those conditions, and compliance results in the individual remaining free pending trial. The Court does not believe that any further reward for compliance is necessary, nor appropriate, but would instead send the message that individuals should comply with Court Orders only if such compliance would result in additional future benefit, not out of respect for the Court's legal authority. Similarly, while the Court also appreciates the defendant's efforts to better her life and to leave behind her history of substance abuse, such actions are, again, their own reward, and are not a valid basis for a continuance under the Speedy Trial Act. The use of controlled substances is against the law, and the Court will not violate the Speedy Trial Act in order to reward the defendant for complying with drug control laws which every citizen is under a legal obligation to obey.

As the defendant noted in her motion, it takes approximately three months of time for the probation office to perform the necessary pre-sentencing investigation, to complete a pre-sentence report, and to allow the parties time to respond to the report. In the absence of a valid basis for a continuance, the Court will not extend the defendant's change of plea date far enough into the future to allow that process to be completed so as to allow a joint change of plea/sentencing. Furthermore, given the statutory requirement of detention of individuals meeting certain conditions, including the violation of a drug offense with a maximum term of imprisonment of ten years or more (such as that of which the defendant is charged), Congress has clearly announced its intent that qualifying offenders be detained from the time of their conviction or guilty plea until their sentencing. See 18 U.S.C. 3142(f)(1)(A)-(C), 3143(a)(2). It is not the place of this Court to ignore that Congressional mandate. While the government acknowledged that it had, in the past, argued that exceptions be made on a limited basis, the circumstances of such past exceptions are not before this Court, and thus the Court cannot intelligently determine whether such an exception is appropriate in this case. Rather, the Court must leave such decision to the sentencing District Court, and that is certainly an issue the defendant can raise should she choose to appeal this decision.

Accordingly, the defendant's motion [Doc. 120] is hereby **DENIED**, and a change of plea hearing is set for May 4, 2009, at 10:00 a.m. before the Honorable Thomas A. Varlan, United States District Judge, with a sentencing hearing to follow after that date.

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge

3

Case 3:07-cr-00134-TAV-HBG   Document 125   Filed 03/25/09   Page 3 of 3   PageID #: 229